**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THOMAS TRENT PETTIGREW,     ) | |
|     ) | |
|     Plaintiff,     ) | |
|     ) | Case No. <u>CIV-15-477-R</u> |
| v.     ) | |
|     ) | |
| STATE OF OKLAHOMA *ex rel.*     ) | |
| THE OKLAHOMA DEPARTMENT     ) | |
| OF PUBLIC SAFETY, a statutory     ) | |
| state agency,     ) | |
|     ) | |
|     Defendant.     ) | |

**COMPLAINT**

Plaintiff Thomas Trent Pettigrew ("Plaintiff" or "Pettigrew") for his causes of action against Defendant State of Oklahoma *ex rel.* The Oklahoma Department of Public Safety, a statutory state agency ("Defendant" or "DPS"), alleges and states:

The Parties

1.      At all relevant times herein mentioned, Plaintiff was and now is a resident of the City of Yukon, Canadian County, State of Oklahoma, which is located in the Western District of Oklahoma.

2.      At all relevant times herein mentioned, DPS was and now is an Oklahoma statutory state agency, and the Oklahoma Highway Patrol ("OHP") was and now is a division of DPS whose primary offices for state business are located in the City of Oklahoma City, Oklahoma County, State of Oklahoma.

1

<u>Jurisdiction and Venue</u>

3.      Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1367(a). Plaintiff's claim under Title VII of the Civil Rights Act of 1964, as amended, arises under federal law. This Court has supplemental jurisdiction over Plaintiff's state-law breach of contract claim pursuant to 28 U.S.C. § 1367(a) and *Pettigrew v. State*, 722 F.3d 1209 (10th Cir. 2013).

4.      Venue is proper in the Western District of Oklahoma pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391.

<u>Factual Allegations</u>

5.      Pettigrew has been employed as a commissioned member of the Oklahoma Highway Patrol since 1995. Currently, Pettigrew holds the rank of Captain/Troop Commander over the Kilpatrick and H.E. Bailey Turnpikes.

6.      On January 31, 2012, Pettigrew commenced a civil action against DPS in this Court styled *Thomas Trent Pettigrew v. State of Oklahoma ex rel. The Oklahoma Department of Public Safety*, Case No. CIV-12-116-L.

7.      On March 6, 2015, an eight-person jury unanimously found in favor of Pettigrew on two claims of breach of contract and two claims of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. The jury awarded Pettigrew $400,000.00 in damages.

8. On March 12, 2015, the Court entered judgment on the jury's verdict, in accordance with the Court's ruling on damages, in the amount of $223,000.00 with interest thereon from the date of the jury's verdict.

9. Pettigrew's Title VII claims alleged, in part, that DPS retaliated against him by failing to promote him to the rank of Major in August 2013. The jury agreed that Pettigrew should have been promoted and that he was not promoted in retaliation for his prior opposition to unlawful reverse-race discrimination and complaints of retaliation.

10. Pettigrew's breach of contract claims centered on a confidential General Release and Settlement Agreement and claimed that DPS breached the contract by failing to promote him to the rank of Major in September 2011 and August 2013. The jury agreed that Pettigrew should have been promoted by finding that DPS breached the settlement agreement.

11. During the closing arguments of counsel for DPS during the trial on March 6, 2015, counsel for DPS indicated that DPS is trying to find a reason to fire Pettigrew because he has continued to complain of unlawful retaliation in the workplace. This reflects the attitude of DPS's highest leadership, including the Commissioner of Public Safety Michael Thompson, Assistant Commissioner Gerald Davidson, Chief of the Patrol Ricky Adams, Lieutenant Colonel Russell Maples, Lieutenant Colonel J.D. Wilson, Retired Lieutenant Colonel Greg Allen, and General

Counsel Steve Krise, among others. The jury's verdict supports this conclusion as do other facts as alleged herein.

12.    This is further reflected by DPS's litigation conduct during the case, which included intentionally and willfully withholding documents during discovery.

13.    Before the case went to trial, Pettigrew applied for a promotion to the rank of Major in December 2014.

14.    As part of the promotional process, the Human Resources Department provided the five most recent performance evaluations of each candidate to the promotional board.

15.    In the September 2011 and August 2013 promotions, the Human Resources Department provided the three most recent performance evaluations of each candidate to the promotional boards.

16.    Chief Ricky Adams intentionally changed the process in December 2014 in order to use a prior evaluation of Pettigrew that stated in every single category: "UNABLE TO EVALUATE. HAD THE CPT. UNDER MY ZONE FOR LESS THEN [sic] 34 DAYS WHEN HE WAS PLACED ON ADMINISTRATIVE LEAVE DUE TO A MISCONDUCT INVESTIGATION."

17.    Chief Adams completed that performance evaluation in 2009, while serving as a Major. It would not have been included in the promotional packet in December 2014 but for Chief Adams intentionally and maliciously retaliating against

Pettigrew by changing the policies of the Patrol to include five years' worth of evaluations rather than three.

18.     The confidential General Release and Settlement Agreement directly precluded DPS from using this false misconduct evaluation in any future promotions.

19.     In addition, upon information and belief, Chief Adams allowed and/or directed the Human Resources Department to send the promotional board Pettigrew's performance evaluations that were completed while he was off on workers' compensation leave. Testimony during the jury trial indicated that DPS employees are not supposed to be punished because they are off on workers' compensation leave, and yet DPS deviated substantially from this policy—which is a state law as well—in Pettigrew's case, all in retaliation for his prior complaints of unlawful retaliation and reverse-race discrimination.

20.     Pettigrew filed a Charge of Discrimination with the U.S. EEOC on March 20, 2015. He received a Notice of Suit Rights the same day. This lawsuit has been timely commenced and Pettigrew has exhausted his administrative remedies.

21.     In accordance with the terms of the General Release and Settlement Agreement, Pettigrew provided DPS thirty days' written notice and opportunity to cure his claim for breach of contract asserted herein.

FIRST CAUSE OF ACTION – VIOLATION OF TITLE VII OF
THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

22.     Pettigrew incorporates by reference paragraphs 1 through 21 as though set forth in full herein.

23.     Pettigrew engaged in the protected activity of reporting unlawful retaliation in the promotional process in the Oklahoma Highway Patrol workplace.

24.     DPS took a materially adverse employment action against Pettigrew by failing to promote him to the rank of Major effective January 1, 2015.

25.     DPS took this materially adverse employment action directly because of Pettigrew's protected opposition under Title VII of the Civil Rights Act of 1964, as amended.

26.     Any proffered legitimate, non-retaliatory reason that DPS asserts is pretextual because of the factual allegations set out above.

27.     As a direct and proximate result of DPS's retaliation against Pettigrew, Pettigrew has once again been excluded from promotion in rank to his economic detriment, and has suffered mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to his professional reputation, and loss of enjoyment of life, all to his damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE Plaintiff Thomas Trent Pettigrew prays for judgment against Defendant State of Oklahoma *ex rel.* The Oklahoma Department of Public Safety as follows:

(1)     That Defendant be ordered to make Plaintiff whole by providing all the remedies and relief authorized by 42 U.S.C. § 2000e-5(g);

(2)     That Defendant be enjoined and restrained from further acts of discrimination and retaliation against Plaintiff in the OHP workplace;

(3)     That Defendant be ordered to pay Plaintiff economic and compensatory damages pursuant to 42 U.S.C. § 1981a in an amount to be determined by the jury at the time of trial;

(4)     That Defendant be ordered to promote Plaintiff in rank to the position of Major as an equitable remedy which is authorized by Title VII;

(5)     That in lieu of a mandatory injunction ordering Defendant to promote Plaintiff in rank, that the Court award Plaintiff front pay equal to that of the rank of Major, including all salary and benefits, for a term of five years such that Plaintiff will be fully compensated for the continued length of time he intends to remain employed with DPS before retirement;

(6)     That Defendant be ordered to pay Plaintiff's costs as authorized by law, including attorney's fees;

(7)     That Defendant be ordered to pay pre-judgment interest in accordance with the proof at the time of the trial;

(8)     That Defendant be ordered to pay post-judgment interest; and

(9)     For any and all such and further make-whole relief as the Court deems just and proper.

SECOND CAUSE OF ACTION – SUPPLEMENTAL STATE-LAW CLAIM FOR
BREACH OF CONTRACT

28.     Pettigrew incorporates by reference paragraphs 1 through 27 as though set forth in full herein.

29.     Pettigrew and DPS entered into the written Confidential Release and Settlement Agreement on or about December 16, 2010 and part of the material terms of the contract provided that DPS would not retaliate against Pettigrew, either because of his prior lawsuit or because of a prior administrative leave investigation, and that Pettigrew could apply for and compete for future promotions without a negative inference related to those things.

30.     Pettigrew has performed the terms and provisions of the General Release and Settlement Agreement on his part to be performed.

31.     DPS breached the General Release and Settlement Agreement by failing to promote Pettigrew to the rank of Major effective January 1, 2015.

32.     As a direct and proximate result of DPS's breach of the General Release and Settlement Agreement, Pettigrew has been damaged in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

33.     Pettigrew further seeks a reasonable attorney's fee as further provided in the General Release and Settlement Agreement.

WHEREFORE Plaintiff Thomas Trent Pettigrew prays for judgment against Defendant State of Oklahoma *ex rel.* The Oklahoma Department of Public Safety as follows:

(1)     For actual damages in a sum in excess of $75,000.00 and in accordance with the proof at the time of trial;

(2)     For pre-judgment and post-judgment interest thereon as provided by law;

(3)     For his costs;

(4)     For his attorney's fees; and

(5)     For any other and further such relief as the Court deems just and proper.

Dated this __ day of May, 2015.


                                        WARD & GLASS, L.L.P.

                                        /s/Barrett T. Bowers
                                        Stanley M. Ward, OBA#9351
                                        Woodrow K. Glass, OBA#15690
                                        Scott F. Brockman, OBA#19416
                                        R. Ben Houston, OBA#14751
                                        Barrett T. Bowers, OBA#30493
                                        1821 E. Imhoff Road, Suite 102
                                        Norman, Oklahoma 73071
                                        (405) 360-9700
                                        (405) 360-7902 (fax)
                                        **ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEYS' LIEN CLAIMED**